IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael L. Spivey, #53937-004, | ) Civil Action No.:4:14-90-MGL |
| Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Kenny Atkinson, | ) |
| Respondent. | ) |

On January 10, 2014, Petitioner Michael L. Spivey, ("Petitioner"), a federal prisoner pro se, housed at the Edgefield Federal Correctional Institution in Edgefield, South Carolina filed the instant petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings and a Report and Recommendation ("Report").

On May 21, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the petition be dismissed for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b) and for failure to comply with orders of the court (ECF No. 23 at 1.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so (ECF No. 23-1.) Plaintiff has filed no objections and the time for doing so expired on June 9, 2014.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged

with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above and after a careful review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 23) by reference into this order. It is therefore ORDERED that this action is DISMISSED with prejudice.

### **Certificate of Appealability**

The governing law provides that:

> (c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this

case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is DENIED.

    IT IS SO ORDERED.

                                              /s/ Mary G. Lewis
                                              United States District Judge

Spartanburg, South Carolina
June  16, 2014